**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:19-CR-279- |
| | § | ALM-AGD |
| ZAVONTAVION FLOWERS | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Now before the court is the request for revocation of Defendant Zavontavion Flowers's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on February 18, 2026, to determine whether Defendant violated his supervised release. Defendant was represented by Mike Pannitto. The Government was represented by Eric Erlandson.

Defendant was sentenced on December 9, 2020, before The Honorable Amos L. Mazzant, III of the Eastern District of Texas after pleading guilty to the offense of Possession of Firearm By a Person Convicted of the Misdemeanor Crime of Domestic Violence, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 13 and a criminal history category of III, was 18 to 24 months. Defendant was subsequently sentenced to 18 months imprisonment followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, substance abuse testing and treatment, and a $100 special assessment. On February 19, 2021, Defendant completed his period of imprisonment and began service of the supervision term.

On January 12, 2026, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision. (Dkt. #34, Sealed). The Petition asserts that

Defendant violated six (6) conditions of supervision, as follows: (1) (mandatory) Defendant must refrain from any unlawful use of a controlled substance; (2) (special) Defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in that program. Defendant must pay any cost associated with treatment and testing; (3) (standard) Defendant must live at a place approved by the probation officer. If Defendant plans to change where he lives or anything about his living arrangements (such as the people he lives with), Defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change; (4) (standard) Defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses Defendant from doing so. If Defendant does not have full-time employment, he must try to find full-time employment, unless the probation officer excuses him from doing so. If Defendant plans to change where he works or anything about his work (such as his position or his job responsibilities), he must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, he must notify the probation officer within 72 hours of becoming aware of a change or expected change; (5) (standard) If Defendant is arrested or questioned by a law enforcement officer, he must notify the probation officer within 72 hours; (6) (standard) Defendant must follow the instructions of the probation officer related to the conditions of supervision (Dkt. #34 at pp. 1–5, Sealed).

The Petition alleges that Defendant committed the following acts: (1) On May 12, 2021, Defendant submitted a urine specimen at Texas and Oklahoma Occupational Medicine in Paris,

Texas which tested positive for marijuana. The specimen was subsequently confirmed positive by the national lab. Furthermore, the specimen was diluted. On October 27, 2025, Defendant reported to the U.S. Probation Office in Plano, Texas and submitted a urine sample which tested positive for marijuana. Upon questioning, Defendant admitted to using marijuana with the last use occurring in August. The specimen was subsequently confirmed positive by the national lab. On November 7, 2025, Defendant submitted a urine specimen at Texas and Oklahoma Occupational Medicine in Paris, Texas which tested positive for marijuana. The specimen was subsequently confirmed positive by the national lab. Furthermore, the specimen was diluted. Although reluctant, Defendant admitted it was new use. On November 21, 2025, Defendant reported to the U.S. Probation Office in Plano, Texas and submitted a urine sample which tested positive for marijuana. Upon questioning, Defendant denied new marijuana use since the last positive urine specimen. The specimen was subsequently confirmed positive by the national lab. Defendant maintained the positive drug test was the result of residual drug use. On December 1, 2025, Defendant submitted a urine specimen at Texas and Oklahoma Occupational Medicine in Paris, Texas which tested positive for marijuana. The specimen was subsequently confirmed positive by the national lab. Defendant maintained the positive drug test was the result of residual drug use. On December 17, 2025, Defendant submitted a urine specimen at Texas and Oklahoma Occupational Medicine in Paris, Texas which tested positive for marijuana. The specimen was subsequently confirmed positive by the national lab. Furthermore, the specimen was diluted. Defendant maintained the positive drug test was the result of residual drug use. Separate requests were submitted to the national lab to determine whether the November 21, December 1, and December 17, 2025, positive results were residual or new use. The national lab determined each specimen submitted was new use; (2) Defendant was instructed to participate in substance abuse treatment at New Focus

Counseling in Paris, Texas. On December 29, 2025, Defendant failed to attend his scheduled substance abuse treatment session. Additionally, Defendant failed to report for drug testing at Texas and Oklahoma Occupational Medicine in Paris, Texas on June 23 and September 10, 2021; November 10, 18, and 25 and December 12, 2025; and January 5, 2026, as part of the random drug testing program; (3) On October 26, 2025, an unannounced home visit was conducted at Defendant's approved residence in Paris, Texas. Contact was made with his ex-partner who stated Defendant moved out of the home over six months prior and he has not lived at the address since April 2025; (4) On August 25, 2025, Defendant notified his probation officer that he started employment with PJ Trailers in Sumner, Texas. On October 27, 2025, during an office visit to discuss recent noncompliance, Defendant stated his employment opportunity with PJ Trailers did not materialize due to a drug testing issue after taking medication for a shoulder injury. On this date, Defendant reported full-time, self-employment under his LLC, Real Deal Cowboys Horse Training Services ETC., where he trains horses and performs labor such as fencing and landscaping. Defendant failed to notify U.S. Probation of these employment changes; (5) On August 17, 2025, Defendant was the driver of a vehicle involved in a traffic stop by the Paris Police Department in Paris, Texas and issued a citation for Expired Vehicle Registration and Failing to Maintain Financial Responsibility. The vehicle was ultimately towed and the passenger in the vehicle was arrested. Defendant failed to report this law enforcement contact as required. On July 11, 2025, Defendant was the driver of a vehicle involved in a traffic stop by the Henderson Police Department in Henderson, Texas and issued a traffic citation for Unsafe Lane Change. Defendant failed to report this law enforcement contact as required. On August 21, 2025, Defendant was the driver of a vehicle involved in a traffic stop by the Lamar County Sheriff's Office in Sumner, Texas due to a caller reporting reckless driving. He was questioned by officers and admitted to swerving.

The incident was closed as there was no offense observed, and Defendant did not show signs of intoxication. Defendant failed to report this law enforcement contact as required; (6) On October 27, 2025, during an office visit, Defendant reported full-time, self-employment under his LLC, Real Deal Cowboys Horse Training Services ETC. He claimed to earn approximately $800 per week ($4,000 monthly) and agreed to provide job receipts as well as deposit records to verify his income. He was advised self-employment would be subject to greater scrutiny and additional verification requirements and he voiced understanding. Defendant was instructed on multiple occasions, both in person and by phone, to provide verification of his self-employment in the form of receipts or work orders. Despite these repeated directives, he failed to submit any documentation for an extended period of time. On December 17, 2025, he submitted photo text messages of receipts purporting to document self-employment dating back to October 11, 2025. The documentation was not submitted in a timely manner and did not allow for independent verification of the work performed. Overall, he failed to follow the instructions of the probation officer (Dkt. #34 at pp. 1–5, Sealed).

Prior to the Government putting on its case at the final revocation hearing, the Government moved to dismiss allegations (4) and (6). Defendant entered a plea of true to allegations (1), (2), (3), and (5) of the Petition. Having considered the Petition and the plea of true to allegations (1), (2), (3), and (5), the court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to

be imprisoned for an additional term of five (5) months, with no term of supervised release to follow.

The court further recommends that the Government's motion to dismiss allegations 4 and 6 be granted.

The court finally recommends that Defendant be housed in Fannin County, Texas, if possible, otherwise in a Bureau of Prisons facility in Seagoville, Texas, if appropriate.

**IT IS SO ORDERED.**

**SIGNED this 21st day of March, 2026.**

AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE